IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAWN J. GRAIFF,                                Case No. 07-582-HO

        Plaintiff,                          ORDER

  v.

Commissioner of Social Security,

        Defendant.

    Plaintiff filed this action for review of the decision denying his applications for disability insurance benefits (DIB) and supplemental security income (SSI) payments.  This is the third such action related to plaintiff's applications.[1]  In the most recent case, the stipulated remand order provided that a new administrative law judge will hold a de novo hearing and issue a decision.  According to the Commissioner, a new ALJ was not assigned "[f]or unknown reasons."

---

    [1]Plaintiff filed an application for DIB on January 14, 1999, alleging disability as of November 17, 1997.  Plaintiff filed applications for DIB and SSI on April 17, 2001, with a protected filing date of March 28, 2001, alleging disability commencing October 26, 2000.

The ALJ failed to state sufficient reasons supported by substantial evidence to reject the opinions of Drs. Bryan and Starbird, examining psychologists.

In a November 9, 2000 report, Dr. Bryan opined that plaintiff is unemployable with a global assessment of functioning rating of 45. (Tr. 1025). In a July 2002 report, Dr. Starbird opined that plaintiff's marked limitation in concentration, persistence or pace would not be different if there were no drug or alcohol use. (Tr. 1014-15). In his report of July 21, 2006 evaluation, Dr. Bryan indicates that he considered Dr. Starbird's assessment of cannabis abuse and nevertheless found plaintiff's mental health status to be "essentially unchanged from that described over the course of some years in the previous psychological evaluation reports." (Tr. 1307, 1311). On November 3, 2006, Dr. Bryan opined that plaintiff is markedly limited in the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, so as to preclude performance of such activities eight hours a day, five days a week. (Tr. 1313-14).

Dr. Bryan's November 2000 report does not evince that he fully credited plaintiff's subjective complaints and lacked objectivity in interpreting the results, as the ALJ found. (Tr. 1178). The ALJ cites to no specific portion of the report to support of this finding. While the ALJ found that Dr. Bryan

2 - ORDER

reviewed no medical records, the report states that Dr. Bryan reviewed the results of psychological evaluations performed by Portland Public Schools, the psychological assessment performed by Dr. Brischetto in June 1999, and a "VRD psychologist reviewer's note of 3/16/00." (Tr. 1016, 1018-19). If, as the ALJ found, the MMPI-2 does not determine the level of plaintiff's depression, it does not follow that Dr. Bryan's assessment is invalid.

The ALJ cites no authority for his conclusion that without the use of cannabis, plaintiff's symptoms would be improved and his ability to work enhanced. (Tr. 1181). The ALJ did not discuss Dr. Starbird's contrary opinion. (Tr. 1015).

The ALJ found that Drs. Brischetto, LeBray, Bryan, Starbird and Burns[2] relied almost exclusively on plaintiff's subjective reporting during one-time clinical visits. (Tr. 1181). Again, the ALJ cites to no specific portions of the reports to support this finding and the reports in their entirety do not support the finding. The ALJ cites to no contrary opinion regarding plaintiff's mental impairments from a medical source with greater exposure to plaintiff.

When credited as true, Dr. Bryan's November 3, 2006 opinion

---

[2]In a report of comprehensive psychological evaluation dated February 9, 2004 Dr. Burns assigned a GAF rating of 52 and opined that plaintiff is "not seen to be employable in any competitive work setting for the next 12 months." (Tr. 1300).

3 - ORDER

establishes that plaintiff is disabled as defined in the Social Security Act.  Reversal and remand for calculation and payment of benefits is warranted in this case.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed.  This matter is remanded to the Commissioner for calculation and payment of benefits.

IT IS SO ORDERED.

DATED this  19th   day of November, 2008.


                                    s/ Michael R. Hogan
                              United States District Judge

4 - ORDER